IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DELARICK HUNTER,

                        Plaintiff,

           v.                              CASE NO. 07-3203-SAC

CORRECT CARE SOLUTIONS, et al.,

                        Defendants.



                        O R D E R

     This matter is before the court is a civil complaint filed pro
se by a prisoner incarcerated in Lansing Correctional Facility in
Lansing, Kansas.  Also before the court is plaintiff's motion for
leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the full
$350.00 filing fee in this civil action.  If granted leave to
proceed in forma pauperis, plaintiff is entitled to pay this filing
fee over time, as provided by payment of an initial partial filing
fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by
the periodic payments from plaintiff's inmate trust fund account as
detailed in 28 U.S.C. § 1915(b)(2).  Because any funds advanced to
the court by plaintiff or on his behalf must first be applied to
plaintiff's outstanding fee obligations,[1] the court grants plaintiff
leave to proceed in forma pauperis in the instant matter without
payment of an initial partial filing fee.  Once these prior fee

_____

     [1]See Hunter v. Young, Case No. 05-3074-MLB ($150.00 district
court filing fee) and ($455.00 appellate filing fee in Appeal No.
06-3371).

obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff states he is a Native American who has been disabled with cerebral palsy since birth.  He claims he is being denied orthopedic tennis shoes which were provided to a white inmate with the same or similar foot problems.  Plaintiff indicates his orthopedic boots hurt his feet and do not allow him to exercise, which in turn causes him pain to his feet, back and legs.  On these allegations he alleges discrimination and seeks damages and injunctive relief under the Americans with Disabilities Act ("ADA").

Having reviewed plaintiff's complaint, the court finds it is subject to being summarily dismissed for the following reasons.

Plaintiff indicates that he seeks relief under 42 U.S.C. § 12111, which prohibits discrimination in an employment context against a qualified individual with a disability.  Nothing in plaintiff's allegations of being denied specific orthopedic footwear by prison health services suggests any factual basis for a claim under this particular section.

To the extent the pro se complaint can be liberally construed as seeking relief under Title II of the ADA, which prevents a public entity from discriminating against an otherwise qualified individual with a disability on the basis of the disability, 42 U.S.C. § 12132,

2

plaintiff's allegations state no claim for relief.  Although Title II applies to state prisons, <u>Pennsylvania Department of Corrections v. Yeskey</u>, 524 U.S. 206 (1998), to state a claim under this section a plaintiff must allege: (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs, or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability.  42 U.S.C. § 12132; <u>Kiman v. N.H. Dept of Corr.</u>, 451 F.3d 274, 283 (1st Cir. 2006).  Here, none of the defendants named in the complaint fall with the statutory definition of a "public entity."[2]

Finally, to the extent plaintiff's complaint can be liberally construed as seeking relief under 42 U.S.C. § 1983,[3] plaintiff's disagreement over the specific orthopedic treatment being provided states no claim for relief.  Prison officials violate the Eighth Amendment if "their deliberate indifference to serous medical needs...constitutes the unnecessary and wanton infliction of pain." <u>Kikumura v. Osagie</u>, 461 F.3d 1269, 1291 (10th Cir. 2006).  Medical malpractice states no claim for relief under § 1983 because inadvertent failure to provide adequate medical care or negligence in diagnosing or treating a medical condition does not violate the Eighth Amendment.  <u>Id</u>.  Nor does plaintiff identify any defendant's

_____

[2]Relevant to plaintiff's allegations, "public entity" is defined as "any State or local government" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government."  42 U.S.C. § 12131(1)(A) and (B).

[3]The clerk's office docketed the complaint as filed under 42 U.S.C. § 1983.

personal participation in the alleged wrongdoing.  *See* Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under 42 U.S.C. § 1983 must be based on personal involvement in the alleged constitutional violation."); Jenkins v. Wood, 81 F.3d 988, 994- 95 (10th Cir. 1996)("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted).

Accordingly, to avoid dismissal of the complaint as stating no claim for relief, plaintiff is granted the opportunity to amend the complaint to clarify the cause of action being pursued and to cure the deficiencies identified by the court.[4]  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis, with collection of the district court

---

[4]Plaintiff is advised that dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2) after plaintiff's prior outstanding fee obligations have been satisfied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to amend the complaint to avoid this action being dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 10th day of October 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge