**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DELARICK HUNTER,**

                  **Plaintiff,**

     v.                                    **CASE NO. 07-3203-SAC**

**CORRECT CARE SOLUTIONS, et al.,**

                  **Defendants.**

**O R D E R**

Plaintiff, a prisoner incarcerated in a Kansas correctional facility proceeds pro se and in forma pauperis in this civil action, seeking relief under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). In his complaint, plaintiff states he is a Native American who has been disabled with cerebral palsy since birth, and claims he is being denied orthopedic tennis shoes which were provided to a white inmate with the same or similar foot problems. Plaintiff indicates his orthopedic boots hurt his feet and do not allow him to exercise, which in turn causes him pain to his feet, back and legs. Plaintiff alleges discrimination and seeks damages and injunctive relief.

The court reviewed plaintiff's allegations and directed plaintiff to show cause why it should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief).

In response, plaintiff submitted an amended complaint that no longer names any of the original defendants, and asserts no allegations or claims under § 1983 or the ADA. Instead, plaintiff names a single defendant (Pamela Autry), identified as a resident of Louisiana, and asserts this court's diversity jurisdiction under 28 U.S.C. § 1332 for resolution of whether a child born to this individual is plaintiff's biological child, and whether plaintiff is obligated to pay support for this child.

Plaintiff correctly notes that he is entitled to amend his complaint "once as a matter of course" prior to defendants filing their response to the complaint. *See* Fed.R.Civ.P. 15(a). Because plaintiff clearly states his understanding that his amended complaint supersedes all claims and defendants omitted from his original complaint,[1] the court dismisses all defendants and claims asserted under 42 U.S.C. § 1983 or the ADA in the original complaint.

Examining plaintiff's amended complaint, the court finds it should be dismissed. Diversity jurisdiction requires complete diversity of citizenship between the opposing parties, and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Plaintiff's amended complaint clearly does not satisfy this second requirement. No amount in controversy is stated. Rather, plaintiff seeks a court order requiring the defendant and her child to submit to paternity

---

[1]*See* Mink v. Suthers, 482 F.3d 1244, 1254 (10th Cir. 2007)(amended complaint "supercedes an original complaint and renders the original complaint without legal effect"(quoting, In re. Atlas Van Lines, Inc., 209 F.3d 1064, 1067 (8th Cir. 2000).

testing, and this court's determination of whether plaintiff is obligated to pay child support.

The subject matter jurisdiction of the federal courts is limited, thus there is a strong presumption against federal jurisdiction. <u>Penteco Corp. Ltd. Partnership 1985A v. Union Gas System, Inc.</u>, 929 F.2d 1519, 1521 (10th Cir. 1991). The existence of subject-matter jurisdiction is a threshold inquiry which must precede any merits-based determination. <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998). A court lacking subject matter jurisdiction "must dismiss the case at any stage of the proceeding in which it becomes apparent that such jurisdiction is absent." <u>Basso v. Utah Power & Light Co.</u>, 495 F.2d 906, 909 (10th Cir. 1974). Because it is clear from the face of the amended complaint that plaintiff cannot in good faith claim the jurisdictional amount required to satisfy 28 U.S.C. § 1332, because no factual basis for federal question jurisdiction under 28 U.S.C. § 1331 is evident on plaintiff's allegations, and because the court declines to exercise its supplemental jurisdiction over any state law claim where no federal claim exists, 28 U.S.C. § 1367, the court concludes the amended complaint should be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that all defendants named in the original complaint are dismissed by plaintiff's filing of an amended complaint that names a single new defendant.

IT IS FURTHER ORDERED that the amended complaint is dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED:   This 23rd day of October 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge